

Eric B. Biehl, Esq.
CHURCH HARRIS JOHNSON & WILLIAMS, P.C.
114 3rd Street South
P.O. Box 1645
Great Falls, Montana 59403-1645
Telephone: (406) 761-3000
Facsimile: (406) 453-2313
ebiehl@chjw.com
*Attorneys for Plaintiff*

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| KYLEEN ELPEL<br><br>PLAINTIFF,<br><br>VS.<br><br>NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY<br><br>DEFENDANT. | Cause No. CDV-18-0283<br>Judge JOHN A. KUTZMAN<br><br>**COMPLAINT AND JURY DEMAND** |
|---|---|

Plaintiff, KYLEEN ELPEL, for her Complaint against the Defendant alleges as follows:

1. At all times relevant in this Complaint, Plaintiff Kyleen Elpel was a resident of Great Falls, Cascade County, Montana.

2. At all times relevant in this Complaint, Defendant National Farmers Union Property And Casualty Company ("NFU") is an insurance company authorized and transacting business in Montana, including adjusting bodily injury claims. This cause of action is plead against NFU for or failing to pay benefits pursuant to underinsured motorist coverage and violation of its independent duties in the investigating, evaluating, and adjusting of Plaintiff's claim.

EXHIBIT A; Page 1

3. This Court has jurisdiction over this matter and venue is proper in Cascade County, Montana.

## COUNT I – BREACH OF CONTRACT

4. Plaintiff restates and realleges each and every fact and allegation stated in ¶¶1-3.

5. On September 3, 2017, Plaintiff was a passenger on a motorcycle driven by Carl Anthony Clary. Clary negligently operated his motorcycle and lost control of the vehicle. The motorcycle collided with the cement barrier before tipping over onto the pavement. The accident occurred in the northbound lanes of US Interstate 15, north of Wolf Creek, Montana in the evening.

6. As a direct and proximate cause of Clary's negligence, Plaintiff suffered severe bodily injuries requiring medical services.

7. As a direct and proximate cause of Clary's negligence, Plaintiff suffered great physical pain and anguish, emotional distress, past and future lost wages, loss of enjoyment of life, and impairment of her established course of activities.

8. Clary's insurer, Progressive Insurance, tendered the policy limits of Clary's liability insurance coverage in the amount of $25,000 on October 10, 2017. Clary's policy limit was insufficient to make Plaintiff whole because it did not cover all of her medical expenses, lost wages, or other damages, and she has required continual treatment.

9. Plaintiff did not own a motor vehicle and did not have her own insurance policy at the time of the accident.

10. At the time of the accident, Plaintiff lived with her mother, and was and is a veterinarian assistant student.

11. Plaintiff initiated a claim with NFU for the underinsured motorist coverage of the insurance policy purchased by her mother, Collen Elpel, on October 20, 2017. Colleen Elpel paid a premium for underinsured motorist coverage with a $100,000 limit for each person.

12. Pursuant to Colleen Elpel's insurance policy with Defendant NFU, an "Insured Person" means you or a relative. "Relative" means a person related to you by blood…who is a resident of your household.

13. Plaintiff is an insured person under Colleen Elpel's policy because she is a relative of Colleen Elpel. Plaintiff is related to Colleen Elpel by blood (daughter) and Plaintiff was a resident of Colleen's household at the time of the accident.

14. On October 30, 2017, Plaintiff submitted a demand for policy limits of the underinsured motorist coverage based on Clary's insufficient insurance coverage. Plaintiff also requested verification of the premiums paid per vehicle and the applicable limits of the policy.

15. Plaintiff included sufficient documentation to evaluate and settle the claim at that time.

16. Defendant NFU acknowledged receipt of the demand and documentation via letter dated November 10, 2017.

17. Plaintiff submitted additional information and reiterated her demands via letter on January 5, 2018.

18. Plaintiff demanded that Defendant NFU respond to her claim on March 8, 2013.

19. Defendant NFU has not responded to Plaintiffs' claim in any manner since November 10, 2017, despite receiving subsequent correspondence and additional documentation.

20. On November 10, 2017, Defendant NFU had sufficient information, or access to sufficient information, with which to promptly and fully investigate, evaluate, and pay this underinsured motorist claim, reasonably, fairly, and promptly. Defendant NFU neglected to settle this matter in a manner that was fair, reasonable, and equitable for Elpel.

21. Elpel is entitled to the benefit of the policy limits of the underinsured motorist coverage under her mother, Colleen Elpel's NFU policy.

22. Defendant NFU has refused to pay such benefits promptly, fairly, reasonably and equitably, and is in breach of contract.

23. Plaintiff is entitled to all compensatory damages by reason of said breach of contract. Plaintiff is also entitled to prejudgment interest at the legal rate. NFU has forced Plaintiff to file her complaint to receive the benefit of the underinsured motorist coverage as well as denied coverage, and Plaintiff is entitled to recover her attorney fees incurred herein.

## COUNT II - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

24. Plaintiffs re-allege and incorporate herein by reference the allegations of ¶¶ 1 through 23 inclusive set forth above.

25. Inherent in every contract is a mutual promise by both parties to act in good faith and fair dealing pursuant to MCA § 28-1-211. Defendant NFU's refusal to settle the

claim in a fair, reasonable, and equitable manner is a breach of the covenant of good faith and fair dealing.

26. Defendant NFU neither acted in good faith nor dealt fairly when it neglected to promptly and fully investigate, evaluate, and pay this underinsured motorist claim in a reasonable, fair, prompt, and equitable manner coverage.

27. Defendant breached the contract when it breached the covenant of good faith and fair dealing.

## COUNT III - VIOLATION OF THE MONTANA UNFAIR TRADE PRACTICES ACT

28. Plaintiffs re-allege and incorporate herein by reference the allegations of ¶¶ 1 through 27 inclusive, set forth above.

29. Defendant NFU's failure to Plaintiff's claim for underinsured motorist coverage constitutes bad faith and a violation of the Montana Unfair Trade Practices Act.

30. Defendant NFU's neglect to promptly and fully investigate, evaluate, and pay this underinsured motorist claim in a reasonable, fair, prompt, and equitable manner constitutes bad faith and a violation of the Montana Unfair Trade Practices Act.

31. As a result of Defendant NFU's actions, Plaintiff has suffered actual damages.

32. Defendant NFU's conduct constitutes actual malice in that it had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Plaintiff and deliberately proceed to act in conscious disregard of the high probability of injury to Plaintiff.

33. Pursuant to Mont. Code Ann. §§ 27-1-221 and 33-18-242, exemplary damages should be imposed upon Defendant NFU to deter it and others similarly

situated from similar misconduct in the future and to punish Stillwater for its misconduct and violation of Mont. Code. Ann. § 33-18-201.

34. Plaintiff seeks exemplary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants for all damages to which they are entitled under Montana Law, including:

1. For damages sufficient to fully compensate Plaintiff for injuries; past, present and future pain and suffering; loss of enjoyment of life and activity; emotional distress; and for all other special, general, and compensatory damages arising from the collision allowed by Montana law;

2. Damages from violation of the Montana Unfair Trade Practices Act;

3. Exemplary damages;

4. Legal interest prejudgment and on the judgment;

5. Attorney fees and costs;

6. Any further relief which the Court may deem just and proper under the circumstances.

Plaintiff demands a jury trial of all issues so triable.

DATED this 16th day of May, 2018.

CHURCH HARRIS JOHNSON & WILLIAMS, P.C.

By _____
ERIC B. BIEHL
Counsel for Plaintiffs